## Case No. 9,973.

### MUSSER v. CURRY.

[3 Wash. C. C. 481.] [1]

Circuit Court, D. Pennsylvania. April Term, 1819.

WILLS — IN PENNSYLVANIA — PROBATE — BEFORE WHOM HAD—RE-PUBLICATION—WHAT PROOF NECESSARY.

1. By the laws of Pennsylvania, the register of wills is authorized to take the probate of wills, copies of which, with the wills, under his seal, are declared to be matters of record and good evidence.

2. This authority extends to re-published wills and codicils, which, in reference to after acquired lands, are as new wills.

[Cited in Harvey v. Chouteau, 14 Mo. (594) 416; Newton v. Seaman's Friend Soc., 130 Mass. 97; Shield's Appeal, 20 Pa. St. 295.]

3. The same evidence is necessary to prove a re-publication, as a publication; and proof of such re-publication by one witness, will not be sufficient.

The plaintiff [the lessee of Musser] claimed as heir at law of John E. Allen, and fully established his title as such. The defendant was the husband of Susanna Allen, the natural daughter of John E. Allen, and claimed the property in dispute, under the will of Allen, as tenant by the courtesy; his wife, and the child he had by her, being dead. It was conceded, by the plaintiff's counsel, that the clause in the will, under which the defendant claimed, passed to his late wife an estate of inheritance; but it was denied that the will operated on the property in question, as it was acquired after the will was made. The date of the will is in the year 1805; and the property in dispute was conveyed to the testator on the 13th of June, 1812. The defendant insisted, that the will was re-published after the above period, and this was the turning point of the cause. The will was proved by two of the subscribing witnesses, on the 28th of August, 1813, before the register of wills, and certified accordingly. On the 10th of November of the same year, one of the witnesses made oath, before the same officer, that the testator had, on the 23d of August, 1813, re-published his will in his presence, at which time he was of sound and disposing mind and memory. Evidence having been given of the death of this witness, the defendant offered to prove his signature to the oath endorsed on the will, and certified by the register, which was opposed by the plaintiff's counsel, on the ground that the register has no power to receive the probate of a re-publication, but that, having once received the proof of publication, he was functus officio, and his certificate of subsequent proof of re-publication, was no more than the certificate of any other person, and consequently inadmissible as evidence.

Peters & Newcomb, for plaintiff.
J. R. Ingersoll, for defendant.

WASHINGTON, Circuit Justice. The register is authorized, by the law of Pennsylvania, to receive the probate of wills; and copies of such wills and probates, under the public seals of the courts, or offices, where the same shall have been taken, or granted, if in force, are declared to be matters of record, and good evidence to prove the devise thereby made. The authority of the register being general to take the probate of wills, extends as well to the re-publication as to the publication of a will. The will, in relation to after acquired property, is a new will, by virtue of the re-publication; and the probate belongs to the register, under the literal expressions of the law, as well as under its plain and obvious meaning. For, if on account of the want of a court of chancery, to perpetuate the testimony of the witnesses to a will, or for any other cause, the probate of the will before the register was to be received as evidence of the devise of land, the same reason would seem to have required, that the re-publication should be proved in the same way. A codicil amounts to a re-publication; and there can be no doubt, but that the register, having received probate of the will, may afterwards receive probate of the codicil, which does not differ materially from the present case. But the same evidence is necessary to prove a re-publication, as the publication. The proof before the register was only that of one witness, which is not sufficient, without further evidence, to establish the re-publication.

The defendant then examined two others of the witnesses to the will, to show that the will was re-published subsequent to the 13th of June, 1812. The credit of one of these witnesses was powerfully attacked; and some degree of uncertainty, as to the time of re-publication, accompanied the evidence of the other.

THE COURT stated to the jury, that the cause turned altogether on the fact, whether the will was re-published after the 13th of June, 1812, or not; and left it to them to weigh the credit of the witnesses, and to find their verdict according to the conclusion they might come to as to that fact.

Verdict for plaintiff.

MUSSY (DUPONTI v.). See Case No. 4,185.
MUSTIN (THRUSTON v.). See Case No. 14,013.

---

1 [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the supreme court of the United States, under the supervision of Richard Peters, Jr., Esq.]