WILLIAM NEWTON & another, executors, *vs.* SEAMAN'S
FRIEND SOCIETY & another.

Worcester. November 15, 1879. — January 17, 1881.

If a will, duly executed and witnessed, incorporates in itself by reference a paper
not so executed and witnessed, containing directions as to the disposition of the
testator's estate, such paper, if in existence at the date of the will and clearly
identified as the paper referred to, is a part of the will, and should be admitted
to probate as such.

The Probate Court, after admitting a will to probate, and after the time for
appealing from the decree has passed, may admit to probate a paper referred
to in the will, and which in law forms part of it, and which by mistake was not
presented to the court when the will was admitted to probate.

APPEAL from a decree of the Probate Court, admitting to
probate a book as part of the will of Alexander De Witt.

On February 4, 1879, his will and four codicils were admitted
to probate, and William Newton and Charles A. Angell were
appointed executors. On June 3, 1879, they presented a peti-
tion to the judge of probate, setting forth that the second clause
of the third codicil of the will was as follows : " I revoke that
part of my will which gives directions for the payment of my
legacies, and order and direct my executors or the survivor of
them to pay the several legacies mentioned in my wills and cod-
icils, as near as possibly convenient, according to the directions
written in a book by Melvin W. Pierce, signed by me, Alexander
De Witt, and witnessed by said Melvin W. Pierce ; " that the
petitioners had the book referred to in their possession, but did
not offer it for probate with the will because they did not think
it necessary to have it admitted to probate ; that the book filed
with the petition was the book referred to in said codicil, and
was in existence at the time of the making of said codicil; and
praying that the same might be admitted to probate as part of
the will of Alexander De Witt.

On this petition, after due notice to all parties interested, the
judge of probate ordered a decree to be entered, which, after
reciting that it appeared that a part of the directions in said
book, to wit, the writing on the cover and on certain specified
pages thereof, with the exception of certain specified words and
figures on two of those pages, were a part of the will of the

deceased, namely, of the third codicil thereto, and that the same, being written and signed by the deceased and witnessed by Melvin W. Pierce at the time of the execution of said codicil, was legally executed, ordered that the aforesaid parts of the book, and the directions written therein and signed by the deceased, be allowed as part of the third codicil and of the last will of the deceased.

From this decree two of the legatees appealed to this court, assigning as reasons of appeal that the book was not a part of the will and codicils; and that it was offered for probate too late.

At the hearing of the appeal, the parties agreed that the facts set forth in the petition of the executors were true; and that the only other facts material to the determination of the case were as follows: On the cover of the book were written the following words, signed by the testator, and witnessed by Melvin W. Pierce: " Directions to my executors in the way and manner I wish all the legacies to be paid as near as possibly convenient. Should I dispose of any of the property herein named before my decease, I order and direct my executors to make up the legacies in stocks or other securities or cash, as they may think best." The book contained several pages of instructions as to paying, in specific property, legacies given in the will and codicils, comprising twelve classes or divisions of instruction, each division being signed by the testator and witnessed by Pierce. The book further contained two entries, by way of marginal note and interlineation by the testator after the execution of the third codicil, which consisted of the words and figures excepted in the decree of the Probate Court; and also a list of property not disposed of on the testator's eightieth birthday, at the end of the book and wholly distinct from the instructions, which was not offered for probate nor mentioned in that decree. With these exceptions, the whole book was admitted to probate in the court below, and was in its present form at the times of the making of the codicil and of the testator's death.

The case was reserved by *Gray*, C. J., at the request of both parties, for the consideration of the full court, and for the entry of such decree as law and justice might require.

*W. W. Rice & S. Haynes*, for the appellants.

*W. S. B. Hopkins*, for the appellees.

GRAY, C. J.   If a will, executed and witnessed as required by statute, incorporates in itself by reference any document or paper not so executed and witnessed, whether the paper referred to be in the form of a will or codicil, or of a deed or indenture, or of a mere list or memorandum, the paper so referred to, if it was in existence at the time of the execution of the will, and is identified by clear and satisfactory proof as the paper referred to therein, takes effect as part of the will, and should be admitted to probate as such.   *Allen* v. *Maddock*, 11 Moore P. C. 427. *Singleton* v. *Tomlinson*, 3 App. Cas 404.   *Jackson* v. *Babcock*, 12 Johns. 389.   *Tonnele* v. *Hall*, 4 Comst. 140.   *Chambers* v. *McDaniel*, 6 Ired. 226.   *Beall* v. *Cunningham*, 3 B. Mon. 390. *Harvy* v. *Chouteau*, 14 Misso. 587.

In *Loring* v. *Sumner*, 23 Pick. 98, 102, Mr. Justice Morton said, " There is no doubt that a valid bequest or devise may be made by reference to objects and documents not incorporated in or annexed to the will."   In that case the will contained this clause: " I have given to my son, Nathaniel Loring, Jr., one thousand dollars by note for his full part of my estate."   It was held that this was a valid legacy of the sum of $1000, although the note had no validity as a note, for want of consideration, and had not been made with any testamentary intent.   It is true that the amount of the legacy there appeared on the face of the will.   But in *Wilbar* v. *Smith*, 5 Allen, 194, this feature was wanting; the testator, having signed and delivered to four of his children respectively promissory notes which were without consideration and ineffectual as gifts *mortis causa*, on the same day made his will, by which, after various pecuniary legacies to other children and grandchildren, he gave to the four children " an equal proportion with " the others, " each to have in the same proportion as I give in this will, together with the notes of this date to " the four children; and it was held that the four took specific legacies of the amounts of the notes.   And in *Thayer* v. *Wellington*, 9 Allen, 283, 292, it was said by the court, " A testator may refer expressly to a paper already executed, and describe it with such particularity as to incorporate it virtually into the will, or he may refer to deeds or other instruments,

or monuments, or existing facts, to which reference may be had in construing his will."

In *Allen* v. *Maddock*, above cited, a codicil headed, " This is a codicil to my last will and testament," was duly executed and attested in 1856; upon search among the papers of the testatrix after her death, there was found, enclosed in a sealed envelope on which were written the words " Mrs. Ann Foote's will," a will executed by her in 1851, but not so attested as to have any validity as a will, and no other testamentary paper of any description was found. Mr. Pemberton Leigh (afterwards Lord Kingsdown) delivered the judgment of himself, Dr. Lushington, Sir Edward Ryan and Sir Cresswell Cresswell, affirming the decree of Sir John Dodson, reported in Deane, 325; and, upon an elaborate review of the authorities, holding that this will was sufficiently identified as the last will referred to by the codicil of 1856, and was incorporated with and made valid by that codicil, and that the two should be admitted to probate as together constituting the last will and codicil of the testatrix, although, as was observed in the judgment, since the St. of 7 W. IV. & 1 Vict. c. 26, (as under our Gen. Sts. c. 92, § 6,) " no paper not properly executed and attested can, in strictness, be for any purpose a will or codicil."

Several decisions of Sir Herbert Jenner Fust since the statute, not referred to in that judgment, are to the like effect. For instance, where a widow made a will devising and bequeathing all her real and personal estate upon the trusts expressed in the will of her late husband, which she described by its date and as having been afterwards revoked, it was held that the revoked will of her husband should be admitted to probate as part of her will. *Goods of Durham*, 1 Notes of Cases, 365; *S. C.* 3 Curt. Eccl. 57. So where a testator left property to his eldest son, in trust for himself and the other children as expressed in an indenture of settlement made between him and the testator two years before, it was held that the indenture was part of the will, but that, as the original indenture ought to be retained by the trustee, a notarial copy should form part of the probate. *Goods of Dickins*, 1 Notes of Cases, 398; *S. C.* 3 Curt. Eccl. 60. And where a testator left a will and codicil, and on the first page of the will referred to " the paper hereunto annexed, as a further

distribution of my effects," and at his death the will and codicil were found in a sealed packet, and attached to the will by a pin was a paper containing such a disposition and stated by the testator to be the paper referred to in the will, this paper was admitted to probate as part of the will.   *Goods of Willesford,* 1 Notes of Cases, 404; *S. C.* 3 Curt. Eccl. 77.   See also *Goods of Bacon,* 3 Notes of Cases, 644; *Goods of Smartt,* 4 Notes of Cases, 38.

In *Dickinson* v. *Stidolph,* 11 C. B. (N. S.) 341, a testatrix, on August 27, 1819, made a will executed and attested in the manner required to pass both real and personal estate, making specific devises and bequests, containing no residuary devise, appointing an executrix, and " revoking all former wills, excepting two memorandums dated May 10, 1819, which are to remain in force with this my last will."   After her death, one memorandum only dated May 10, 1819, was found, which was signed by her and attested sufficiently for a will of personal property, but not for a will of real estate, and which, though not styling itself a will, purported to dispose of her property, without mentioning whether it was real or personal.   This memorandum was admitted to probate with the will, but by the law of England was not thereby established as to real estate.   But, in an action at law to try the title to the real estate, it was held, after advisement, in a judgment delivered by Mr. Justice Williams (the author of the Treatise on Executors, and a master of the law of wills) in behalf of himself and of Chief Justice Erle and Justices Willes and Byles, that the memorandum was incorporated in and republished by the will, and operated on the real estate of the testatrix.

In *Quihampton* v. *Going,* 24 Weekly Rep. 917, a testator by his will declared, for the information of his trustees, that the amounts or values entered on a certain page of his ledger, dated fourteen days earlier than the will and signed by him, were the only advancements, either by way of gift or loan, previously made by him to any of his children.   Sir George Jessel, M. R., held that the entries so signed on that page of the ledger must be regarded as part of the will, and conclusive for the purposes of the will, although the sums entered therein differed from those in fact received by the children.

The cases of *Smart* v. *Prujean*, 6 Ves. 560, *Wilkinson* v. *Adam*, 1 V. & B. 422, *Dillon* v. *Harris*, 4 Bligh N. R. 321, and *Croker* v. *Hertford*, 4 Moore P. C. 339, merely show that clear proof of the identity of the paper referred to, and of its existence at the time of the execution of the will, is essential, and was not made to the satisfaction of the court in those cases.

It is usual and proper, though not absolutely necessary, that a paper sufficiently referred to, and in existence at the date of the will, and clearly identified, should be set out in the probate; and this should always be done when the executors desire it, and the paper is in their possession, in order that the entire disposition of the estate may appear upon the record. *Sheldon* v. *Sheldon*, 3 Notes of Cases, 250; *S. C.* 1 Rob. Eccl. 81. *Goods of Sibthorp*, L. R. 1 P. & D. 106. *Bizzey* v. *Flight*, 3 Ch. D. 269. *Quihampton* v. *Going*, above cited.

In the present case, the testator by the third codicil expressly revokes that part of the will which gives directions for the payment of legacies, and orders and directs his executors to pay the legacies mentioned in his will and codicils as nearly as may be according to the directions written in a book by Melvin W. Pierce, signed by the testator and witnessed by Pierce. The book admitted to probate contains such directions, so written, signed and witnessed, specifying the property out of which each legacy is to be paid; and, with the exception of two memoranda in the margin, which were excluded from the probate, is agreed by the parties to have been in its present form at the time of the making of the third codicil. There is no doubt, therefore, of the identity of the document referred to, nor of its existence at the date of the execution of the testamentary instrument which refers to it.

The fact that the book was in the possession and control of the testator might require a close scrutiny of the evidence that it remained in the same condition as at the time of the execution of the codicil, if there were any controversy upon that point, but is otherwise immaterial. It is not necessary that every portion of a will should be verified by the signature of the testator and the attestation of the witnesses; it is sufficient that the different sheets or papers should clearly appear upon their face, or by extrinsic evidence, to have formed part of the will at the time

of its execution and attestation. *Ela* v. *Edwards*, 16 Gray, 91, 99. *Marsh* v. *Marsh*, 1 Sw. & Tr. 528.

The document in question, which was in law part of the will, having by mistake not been presented for probate with the will, the Probate Court had, and rightly exercised, the power to admit it to probate afterwards. *Waters* v. *Stickney*, 12 Allen, 1. *Musser* v. *Curry*, 3 Wash. C. C. 481.               *Decree affirmed.*