ELIZABETH HOLMES & others, executors, *vs.* SARAH P. COATES & others.

Suffolk. March 29, 1893. — May 20, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & LATHROP, JJ.

*Devise and Legacy — Public Charity — Validity of Bequest — Apportionment — Beneficiaries.*

A bequest "for the benefit of disabled soldiers and seamen who served in the Union army in the late war of Rebellion in the United States, their widows and orphans," is a good public charitable bequest.

A testator, by his will, after reciting that he had formed the purpose of giving during his lifetime the sum of $500 annually " for the benefit of disabled soldiers and seamen who served in the Union army in the late war of Rebellion in the United States, their widows and orphans," and made the first of the gifts on a certain date, directed that, "in case at my decease my books of account shall

not show that I have given said sum of five hundred dollars annually for said purpose," his executor should pay over, for the use and benefit of the class of persons named, " such sums of money as will make up in full to the time of my decease said annual amount of five hundred dollars per annum." *Held,* that the executor was to pay the amount specified, unless it appeared by the testator's books of account that he had paid it in his lifetime; and that the bequest was valid. *Held, also,* that, the testator having died in eight months after the last annual payment, and all parties agreeing that the amount should be apportioned for that period, such apportionment might be made. *Held, also,* that it must be left for a single justice to determine to whom the money should be paid, and in what way the gift could be made effectual.

BILL IN EQUITY, filed ·January 7, 1885, by the executors of the will of Gideon S. Holmes, to obtain the instructions of the court as to the construction of the will, and alleging the following facts.

Gideon S. Holmes, died on February 29, 1880, leaving a will, dated March 24, 1876, which was duly admitted to probate, and letters testamentary issued to the plaintiffs, the executors therein named.

Among other provisions of the will was the following : " Sixth. Whereas I formed the purpose in July, eighteen hundred and sixty one, of giving during my lifetime the sum of five hundred dollars annually, for the benefit of disabled soldiers and seamen who served in the Union army in the late war of Rebellion in the United States, their widows and orphans, and made the first of said gifts, July, eighteen hundred and sixty-two, Now I declare my will to be that in case at my decease my books of account shall not show that I have given said sum of five hundred dollars annually for said purpose, then and in that case I direct my executors, as soon as conveniently may be after my decease, to pay over, for the use and benefit of said disabled soldiers and seamen, their widows and orphans, such sums of money as will make up in full to the time of my decease said annual amount of five hundred dollars per annum, reckoning the payment July, eighteen hundred and sixty-two, as for parts of years eighteen hundred and sixty-one and eighteen hundred and sixty-two."

It appeared by the books of the testator that, prior to July 1, 1875, twelve full payments had been made ; that in the year 1875 to 1876 there was paid $467.08; and that, so far as his books showed, there remained unpaid on July 1, 1879, the sum ·of $2,532.92. If anything was to be paid for the year from July

1, 1879, to July 1, 1880, and it was to be apportioned, there would be added to the sum of $2,532.92 the sum of $333.33, making in all the sum of $2,866.25.

The prayer of the bill was that it might be decreed: 1. Whether the bequest in the sixth clause of the will was a good and valid charitable bequest under the laws of this Commonwealth. 2. If so, what amount was payable thereunder for the year from July 1, 1879, to July 1, 1880. 3. To what person, persons, or corporations payment of the bequest, if valid, should be made.

Hearing before *Lathrop*, J., who, at the request of the parties, reserved the case for the consideration of the full court; such decree to be entered as justice and equity might require.

*A. H. Russell*, for the plaintiffs, read the papers in the case.

*W. A. Gaston*, for the guardian *ad litem*.

*G. C. Travis*, First Assistant Attorney General, for the Commonwealth.

FIELD, C. J.   A bequest for the use and benefit of disabled soldiers and seamen who served in the Union army in the late war of the Rebellion in the United States, their widows and orphans, is a good public charitable bequest. Maimed soldiers and mariners, as well as orphans, are expressly mentioned in St. 43 Eliz. c. 4; *Jackson* v. *Phillips*, 14 Allen, 539; *Powell* v. *Attorney General*, 3 Mer. 48; *Thompson* v. *Corby*, 27 Beav. 649; *Attorney General* v. *Comber*, 2 Sim. & Stu. 93; 2 Perry on Trusts, § 699.

The persons described in the bequest are in most, if not all respects the same as those entitled to receive pensions under the laws of the United States at the time when the will was executed and at the time when the testator died. U. S. Rev. Sts. §§ 4692, 4693, 4702–4706. It is contended that the bequest is void, because it is dependent upon the contents of books of account of the testator, which were not in existence when the will was made. The direction is, that, " in case at my decease my books of account shall not show that I have given said sum of five hundred dollars annually for said purpose," then the executors shall pay over " such sums of money as will make up in full to the time of my decease said annual amount of five hundred dollars per annum," etc. See *Thayer* v. *Wellington*, 9 Allen,

283, 292; *Newton* v. *Seaman's Friend Society*, 130 Mass. 91; *Olliffe* v. *Wells*, 130 Mass. 221. We think that the construction of this article of the will is, that the executors are to pay the amount specified unless it appears by his books of account that the testator has paid it in his lifetime. As thus construed, it is a valid disposition of property by a will duly executed. See *Treadwell* v. *Cordis*, 5 Gray, 341; *Cummings* v. *Bramhall*, 120 Mass. 552; *Langdon* v. *Astor*, 16 N. Y. 9.

All the parties who have argued the case agree that for the last year the amount should be apportioned, as the testator lived eight months of that year. Either this is true, or nothing should be paid for that year. As the payments are to be made " in full to the time of my decease," a proportional payment for that year is perhaps what the testator intended.

It must be left for a single justice to determine to whom the money shall be paid, and in what way the gift can be made effectual.                                    *Decree accordingly.*