# AUGUSTUS P. LORING et al, TRUSTEES, PETITIONERS.

Middlesex, April, 1900.

*Will — Compromise — Title Thereunder.*

Title in this case is claimed by the petitioners as trustees under the will of Horace A. Lothrop, as modified by a compromise agreement in the Supreme Judicial Court under the provisions of Chapter 142 of the Public Statutes. The examiner reports that title under the will is not in the petitioners, but in the heirs of the decedent, and that the compromise is a mere agreement which has not yet been carried out. The examiner's point seems to be well taken.

Horace A. Lothrop died December 11, 1898, testate, leaving all of his estate to his widow for life, with full power of sale, remainder in equal shares to all his children. His will was disallowed by the Probate Court and, pending an appeal taken by the executrix, an agreement of compromise was executed by all parties in interest, and a petition to authorize the same filed in the Supreme Court under P. S. Chap. 142, Sec. 14-17. The agreement for compromise provided that the will should be admitted to probate subject to certain modifications; among them, that the executrix resign, two administrators with the will annexed be appointed, and that all the residue of the estate after the payment of debts and legacies be paid over to the present petitioners upon certain trusts set forth in full in the agreement. On March 8, 1899, a guardian ad litem appointed in accordance with P. S. Chap. 142, Sec. 15, having assented to the agreement, a final decree was entered that the will be allowed as modified by said

agreement; that the persons as therein agreed be appointed administrators c. t. a., and that they " after said compromise has been duly made, have power to carry out said compromise and to execute all instruments for the carrying out thereof."

The examiner suggests that it seems to be in accordance with local practice to assume that title passes under the will subject to the limitations of such a compromise, in cases where the compromise is incorporated according to its terms into the will itself. Burbank v. Burbank, 152 Mass. 254. All of the steps in the Burbank case, including the framing of the final decree, seem to have been taken on the theory that it was a probate proceeding. The agreement was as to how the will should be " construed "; the decree " affirmed " the decree of the Probate Court, authorized partition and division in the Probate Court in accordance with the terms of the agreement, and determined that the several estates disposed of by the will should " vest " and be held according to the tenures and the respective parties as agreed, " as devisees." The proceeding under Public Statutes Chapter 142, however, is not a probate proceeding. It is by its terms (Section 14) a bill in equity; it binds the parties to the proceeding and, through the appointment of a guardian ad litem, other contingent or future interests which may be affected, and authorizes the carrying out of the compromise agreement, but it does not affect creditors (Section 16). Much less does it set up a new will which the testator never made, under which title will pass to trustees and on trusts which the will neither named nor contemplated.

The power to dispose of property by will is strictly guarded by statute, and the courts will not give testamentary effect to an agreement or instrument that is not clearly incorporated into the terms of the will itself. P. S. Chap. 127, Sec. 7. Thayer v. Wellington, 9 Allen, 283. Newton v. Seamen's Friend Society, 130 Mass. 91. " Where a trust not declared in the will is established by a Court of Chancery against the

devisee, it is by reason of the obligation resting upon the conscience of the devisee, and not as a valid testamentary disposition by the deceased." Olliffe v. Wells, 130 Mass. 221.

Whatever the general local practice may be, the proceedings in the case at bar seem to have been in accordance with the statutes. The agreement of compromise made by the parties has been ratified, and the court has authorized its being carried into effect. Until and unless that is done, however, title remains in the heirs subject to the life estate of the widow. The court having recognized the existence of a trust, clearly has the power to order or authorize such conveyance as may be necessary therefor, and to appoint agents to make the conveyance. Felch v. Hooper, 119 Mass. 52. In this case the administrators with the will annexed are the agents appointed by the decree of the Supreme Court to make conveyance to these petitioners, and such deed should be executed. After that is done there may be a decree for petitioners.