LEWIS PIERCE, Admr. de bonis non with the will annexed. Petr. In Equity.

### Cumberland. Opinion November 15, 1912.

*Bequest. Construction. Executor. Home for Indigent Seamen. Income. Investment. Public Charitable Bequest. Trustee. Will.*

The fifth clause of the will of Joseph How, late of Portland, deceased, reads as follows: "I request and direct, that after the decease of my said wife, mother and brother, my said estate, real and personal, shall be appropriated to the founding of a home for indigent seamen, and I authorize and empower my executor to invest the said property and the income thereof, and to use and employ the same in such manner as will do the most good to the class of indigent seamen."

*Held:* 1. That the bequest is in terms a good public charitable bequest.

2. That although the balance remaining after the support of life tenants for forty years amounts to only $1,500, the original purpose of the testator ought not to be thwarted because of the smallness of the available fund.

3. That the purpose is definite in its objects, is lawful and is to be regulated by a trustee to be appointed by the Probate Court, the original trustee having died.

4. That the trustee so appointed is to invest the residuum of the estate for the benefit of indigent seamen, that he can do this directly or turn over the income to some worthy society or association organized for that purpose, like the Portland Marine Society.

5. That the exact details must be left to the sitting Justice who is to determine to whom the income is to be paid and through what channel the kindly gift can be made most effective.

Bill in equity. Bill sustained. Decree in accordance with the opinion.

This is a bill in equity by Lewis Pierce, administrator de bonis non with the will annexed, of the estate of Joseph How, asking the court to construe the fifth clause in the will of Joseph How. Answers by the heirs at law filed admitting the allegations in the

bill. At the conclusion of the hearing before a single Justice, the case was reported to the Law Court for determination upon bill and answer.

The case is stated in the opinion.

*Lewis Pierce,* for complainant.

*George C. Wheeler,* for defendant.

SITTING: WHITEHOUSE, C. J., SAVAGE, SPEAR, CORNISH, KING, HALEY, JJ.

CORNISH, J. The fifth clause of the will of Joseph How, which the court is asked by these proceedings to construe, reads as follows:

"I request and direct, that after the decease of my said wife, mother and brother, my said estate, real and personal, shall be appropriated to the founding of a home for indigent seamen, and I authorize and empower my executor to invest the said property and the income thereof, and to use and employ the same in such manner as will do the most good to the class of indigent seamen."

This will was probated July 24, 1870, and the executor named therein having resigned, the plaintiff was appointed administrator de bonis non with will annexed June 15, 1875. All the parties named as having a life interest have died and the question as to the legal disposition of the property under clause five is raised by the heirs at law, who claim that the balance now remaining should be distributed among them as intestate estate.

It should be observed that the proceedings in this case are not strictly in accordance with the established practice; but inasmuch as all parties in interest are before the court, we will proceed to the merits of the controversy.

The heirs at law contend that the attempted trust in the clause under consideration has failed, both for indefiniteness and because the amount available, about $1,500, is so small as to render it impossible to carry out the provisions of the trust even if one were created.

We cannot so view the matter. The bequest is in terms a good public charitable bequest. *Going* v. *Emery,* 16 Pick., 107; *Tappan* v. *Deblois,* 45 Maine, 122; *Preachers' Aid Society* v. *Rich,* 45 Maine, 522; *Howard* v. *Amer. Peace Society,* 49 Maine, 288. In

*Holmes* v. *Coates,* 159 Mass., 226, the bequest was very similar to the one under discussion, viz., "for the benefit of disabled soldiers and seamen who served in the Union Army in the late war of the Rebellion in the United States, their widows and orphans;" and the court held that it was a valid public charitable bequest and should be executed in such a manner as to carry out the intention of the testator. The same principle applies to the case at bar. The testator's intention was plain. He wished to establish a trust for the benefit of indigent seamen. In the first part of section five he provides for the founding of a home for such objects of charity; in the second, he authorizes and empowers his executor to invest the property and the income thereof and "to use and employ it in such a manner as will do the most good to the class of indigent seamen." The two are in a sense inconsistent, if the intention in the first clause was to use the funds in constructing a building, because in that case there would be nothing left to invest under the second clause. But the general purpose is apparent; it was to have the property so used "as would do the most good to the class of indigent seamen." If enough remained so that a seaman's home could be established and maintained, the executor was authorized to so use it. If not, then the property should be invested and the income used for the same general purpose.

The balance actually available, after the support of the life tenants for forty years, proves to be only $1,500, but the fact that it is no larger does not annul this express provision of the will. To hold that because of its smallness, this sum should be distributed among heirs who were never contemplated by the testator, or diverted to any other purpose, would be a violation of the testator's clearly expressed wish. *Allen* v. *Nasson Institute,* 107 Maine, 120. The purpose is not indefinite. True, no particular place is mentioned, where a home should be established, nor where the objects of his bounty should receive their assistance. But none need be. If the charity is definite in its objects, is lawful, and is to be regulated by a trustee appointed for the purpose, it is sufficient. The executor was made trustee by the will, and he having resigned, it is now incumbent upon the Probate Court to appoint a trustee for this property, as no valid trust is allowed to fail for want of a trustee.

The trustee so appointed is to invest the residuum of the estate,

and employ the income for the benefit of indigent seamen. He can do this directly, or he can turn over the income to some worthy society or association organized for that purpose. It is common knowledge that in the City of Portland, where the testator lived and died, a corporation known as the Portland Marine Society was incorporated more than a century ago for this same general purpose and is still in active operation. It might be deemed wise to turn over the income of this trust fund, as it accrues, to that society. But the exact details must be left to the sitting Justice who is to determine to whom the income shall be paid and through what channel the kindly gift can be made most effective. *Holmes v. Coates,* supra.

*Decree in accordance with this opinion.*