JAMES C. S. TABER, trustee, *vs.* ST. PETER'S PARISH,
SPRINGFIELD, & others.

Hampden.    September 24, 1917. — October 23, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, & PIERCE, JJ.

*Devise and Legacy.  Will.  Evidence.*

A *testatrix*, living in Springfield, provided by her will that, upon the death of a
certain life beneficiary, the proceeds of the sale of a certain house should "be
given toward the building of an Episcopal Church in the Highlands, which
shall be an independent church, not a mission church, as I feel that such a
church is much to be desired there."   At the time of the death of the benefi-
ciary for life there was an incorporated Episcopal church in the district called
the Highlands, which had not been completed when it first was erected and
still remained unfinished, and there was not, nor had there been at any time,
any Episcopal church building in the Highlands except the one thus described.
*Held*, that the church thus described was entitled under the terms of the will
to receive the proceeds from the sale of the house.
In a suit in equity by the trustee under a will for instructions, where it appears
that by the clear terms of the will the proceeds from the sale of a certain house
of the testatrix are given to a certain church corporation, a letter written by
the testatrix dated nearly eight years after the date of her will and addressed
to the executors of her will but not executed as a codicil, declaring her inten-
tion to make a change in her will in regard to the disposition of the proceeds
from the sale of the house in question, is not admissible in evidence and cannot
be considered by the court.

BILL IN EQUITY, filed, as amended, in the Probate Court for the
county of Hampden on April 5, 1916, by the trustee under the
will of Lydia T. Conner, late of Springfield, for instructions in re-
gard to the bequest of the proceeds of the sale of the house owned
and occupied by the testatrix at 163 Bowdoin Street in Spring-
field, which is quoted in the opinion.

On appeal to the Supreme Judicial Court the case was heard
by *Crosby*, J., who reserved it upon the pleadings, an agreed state-
ment of facts and the further facts found by him, "that the
church of the defendant St. Peter's Parish, Springfield, was not
completed when first erected and is not now completed," for de-
termination by the full court.   The other material facts are stated
in the opinion.

It was stated by the single justice in the reservation that the

letter mentioned in the opinion was conceded by the parties to be
genuine and was admitted in evidence but that its admissibility
was objected to, and that it was to be considered only if de-
termined to be admissible and material.

The case was submitted on briefs.

*W. S. Robinson & H. P. Small,* for the defendant, Isabella C.
Taber.

*C. H. Beckwith,* for the defendant, St. Peter's Parish, Spring-
field.

PIERCE, J.   This is a bill in equity brought in the Probate
Court of Hampden County by the surviving trustee under the
will of the late Lydia T. Conner, for instructions as to the dis-
position of certain property in the hands of the trustee.   The
defendants are the two residuary legatees under the will and a
religious corporation of this Commonwealth.   That corporation
contends that the property in question should be given to it to
carry out the purposes of the testatrix as they are expressed in
her will.   The two defendant residuary legatees appealed from
the decree of the Probate Court to the Supreme Judicial Court,
a justice of which heard the case upon an agreed statement of
facts and upon evidence offered before him.   He, at the request
of the parties, reserved the case for the determination of the full
court upon the pleadings, an agreed statement of facts and
further facts found by him.

The testatrix died on September 25, 1903, leaving a will dated
June 15, 1891, and a codicil thereto dated December 28, 1891.
The will was allowed on October 21, 1903, and the plaintiff has
duly qualified as trustee.   William Tillinghast Conner, named in
the will as a beneficiary and as a cotrustee, died on January 15,
1914, never having qualified as trustee.   The testatrix established
a trust to continue during the life of this beneficiary, on whose
death the testatrix provided, as to certain real estate, as follows:
"The proceeds of the sale of the house now occupied by me, 163
Bowdoin Street, to be given toward the building of an Episcopal
Church in the Highlands, which shall be an independent church,
not a mission church, as I feel that such a church is much to be
desired there."

The testatrix, at the time of the execution of her will and up
to the time of her death, had resided at 163 Bowdoin Street in

Springfield. She was a communicant of the Protestant Episcopal Church, and, during her residence in Springfield, had attended Christ Church, somewhat more than a mile from her home, and, during her earlier residence in Springfield, was very active and greatly interested in the work of that church. Later in life her health became impaired to an extent that did not admit of regular attendance at Christ Church.

In 1891 an Episcopal mission chapel was erected in Springfield on the corner of King Street and Merrick Avenue, a locality on the Hill but not in that section thereof known as the Highlands. This chapel was called St. Peter's Chapel, and was so consecrated on June 18, 1892, remaining a mission of Christ Church until April 7, 1893, when an independent parish was organized as St. Peter's Parish of Springfield, one of the defendants. That parish continued to worship in the original chapel building until 1905, when it removed to its present place of worship on Buckingham Street, in the Highlands, land for which was obtained on June 23, 1904. The testatrix occasionally attended church services at St. Peter's both before and after it became an independent church; and the fact of its establishment as a mission of Christ Church, and of its becoming an independent church in 1893, were matters of common knowledge among the members of Christ Church and in the community at large. The value of the house and lot, 163 Bowdoin Street, was about $5,000.

It is the contention of the defendant Taber, that the testatrix had in mind the erection of a church building, that she had no other purpose whatever; that the use of the word "toward" in the phrase "toward the building of" shows "it was intended that the trustee should apply the money toward an object which had a future sense at the time of the application;" that the testatrix had no desire to assist any particular church organization and only to assist in the construction of a church if without such assistance the church would not be built; that a building which complies with the testator's words in the will was completed and in use long before the death of the life tenant, was created without aid of this estate and is not entitled to such aid.

It may be conceded readily that, subject to the use of her son for life and the possibility of his marriage and death leaving issue of the marriage surviving him, the testatrix intended that her

gift "toward the building of an Episcopal Church in the Highlands, which shall be an independent church, not a mission church," should be conditional on the fact that at the time the fund became available for such use there was no church building within the Highland district set apart for the use of an independent Episcopal church.

It also may be granted that it was not her intention that her trustee should apply the fund to relieve the church society from a debt incurred in the building of the church if the building had in fact been built, was a complete structure and was in use for religious services.

But these conditions did not exist when the fund became available for use. The building, though built and in use for more than ten years, was not completed when first erected and has not been completed since. As erected and as it now is the building consists of a nave, in front thereof the first story of a tower, and in front of that a porch. Back of the nave is a chancel of wood and plaster. The nave is of stone, brick, copper and slate with a floor and trusses of wood. It is evident that the chancel is a temporary structure, designed for use only until the society shall be able to erect in its place a substantial and permanent building.

We do not think the will, read in the light of the circumstances, discloses an intention of the testatrix to make her gift conditional on the erection of the entire church building after the death of the life tenant without issue surviving. Manifestly it was her purpose to promote, foster and encourage the building of a substantial and durable church building in her neighborhood, wherein religious services should be held under the ritual of an independent Episcopal church; and that object and purpose would not be satisfied by the erection of a temporary and ephemeral substitute. Upon the agreed facts and the findings of the single justice of this court, we are of opinion that the defendant, St. Peter's Parish, Springfield, comes within the description of the specific charity intended to receive and administer the benefit of the bounty of the testatrix. It is an Episcopal Church in the Highlands; it is an independent and not a mission church; the church building was not completed when first erected in 1904 and 1905 and is not now completed; and there is not now nor has there ever been at any time any Episcopal church building in the district

called the Highlands except the present house of worship of St. Peter's Parish, Springfield.

The letter, conceded to be genuine, dated April 13, 1899, and found among the papers and effects of the testatrix, which reads as follows: "To my Executors William Tillinghast Conner and James C. S. Taber. It is my intention to make a change in my will made June 15, '91 as regards the Clause relative to the sale of the house 163 Bowdoin St., and the giving of the proceeds of said sale toward the building of an Episcopal Church in the Highlands," was not admissible in evidence. It was not a contemporaneous document or paper in existence at the time of the execution of the will, clearly identified and referred to in the will. *Newton* v. *Seaman's Friend Society*, 130 Mass. 91. It was not a codicil to the will executed with the formalities required by law. *Sibley* v. *Maxwell*, 203 Mass. 94. And there is no ambiguity in the face of the will taken in connection with all the surrounding facts. *Best* v. *Berry*, 189 Mass. 510.

It results that the decree of the Probate Court must be affirmed.

*Decree accordingly.*