SARAH B. WELLS *vs.* MATHER E. HAWES & another.

Hampshire. Sept. 21, 1876. — March 7, 1877. COLT & MORTON, JJ., absent.

A testatrix by her will, after certain legacies, devised the residue of her estate to J. S., "having full confidence that he will so use and dispose of it as to carry out my wishes in regard to the distribution of my personal estate as expressed in a memorandum which I shall leave in his possession;" authorized her executor to sell any or all of the real estate devised, without obtaining leave from the Probate Court, if necessary "in order to carry out the provisions of this instrument named therein;" and appointed J. S. executor. At the trial of a writ of entry brought by a creditor of J. S. to recover a portion of the real estate taken on execution, it appeared that the executor sold the estate to the tenant without leave of the Probate Court, claiming to act under the power in the will; the memorandum named in the will was not produced, but oral testimony of the executor was offered to show that the sale was necessary in order to pay debts, legacies and charges. *Held,* that the executor took the real estate subject to no trust; that the authority given by the will was not a power to sell to pay debts; and that the real estate devised was subject to attachment and levy of execution by the creditors of the devisee.

WRIT OF ENTRY, dated August 10, 1875, against Mather E. Hawes and Caroline A. Bridgman, to recover a parcel of land in Belchertown. Plea, *nul disseisin.*

At the trial in the Superior Court, before *Wilkinson,* J., the demandant claimed title under a levy of execution against Elisha B. Bridgman, husband of the last named tenant, and put in evidence the will of Roxana Phelps, which was admitted to probate on January 14, 1873, and which, after giving certain legacies, contained the following provisions :

" 4. The rest and residue of my estate both real and personal, of which I may be possessed at the time of my decease, I give

and bequeath to my friend Elisha B. Bridgman, of Easthamp-
ton, aforesaid, having full confidence that he will so use and dis-
pose of it as to carry out my wishes in regard to the distribu-
tion of my personal estate as expressed in a memorandum which
I shall leave in his possession.

"5. Should it be necessary to sell a part or all cf my real
estate in order to carry out the provisions of this instrument
named therein, I hereby authorize my executor to make such
sale either at public auction or private sale, without first obtain-
ing leave from the Court of Probate, with authority to execute
necessary deeds for the conveyance of the same.

"6. I hereby appoint my aforesaid friend Elisha B. Bridgman
sole executor of this my last will and testament, hereby revok-
ing, annulling and forever making void all other wills heretofore
made by me."

The demandant also put in evidence tending to show that the
demanded premises were a part of the homestead which said
Roxana left at her decease, and which had been set off on the
demandant's execution.

The tenants offered to show that Elisha B. Bridgman was the
executor of said will, and that, in order to pay debts, legacies
and charges of administration, it became necessary to sell real
estate, and that he did sell the entire homestead and real estate
comprising half an acre, because it would be disadvantageous
and a great sacrifice of the estate to sell less than the whole;
and that said Bridgman, as executor, in pursuance of his power
under the will, in good faith, sold the whole to the first named
tenant by deed executed January 26, 1874, and had applied the
proceeds in execution of the trusts under the will. The evi-
dence offered was the oral testimony of the executor, exhibiting
a statement of debts and legacies, that he was under the neces-
sity of selling the real estate, and that the amount of debts,
legacies and expenses of administration, exclusive of a legacy of
$200 to himself, was about $60 less than the amount realized
from the sale of real estate. The tenants showed no authority
obtained by the executor from the Probate Court to make the
sale, nor was any account rendered in the Probate Court prior
to said sale, or to date. The deed of the executor to the first
named tenant (under whom the other claimed) was put in evi-

dence. The will was duly proved and an inventory was filed in the Probate Court, but no other proceeding had been had in the Probate Court.

The judge ruled that the title of the tenants, which accrued under the power of sale conferred by said will, was not valid; and the tenants alleged exceptions.

*C. Delano*, for the tenants.

*W. G. Bassett*, for the demandant.

LORD, J. Under the will of Roxana Phelps, Bridgman took the demanded premises in fee simple, subject to no trust by reason of any written memorandum left by the testatrix. *Thayer* v. *Wellington*, 9 Allen, 283. If a memorandum was left by the testatrix, and the devisee was in good faith attempting to carry into effect the wishes expressed therein, he offered no competent testimony upon the subject. He could not give oral testimony of the contents of the memorandum, and there was no suggestion that he had not in his possession the original memorandum, if any ever existed. It is not necessary, therefore, to discuss the question whether, in case a devise is made for the purpose of carrying out the secret wishes of a testator, not manifested according to the formalities required by the statute of wills, a creditor of the devisee may interpose, and by attachment prevent the devisee from executing in good faith the wishes of the testator. The power of sale given by the will is not the power to sell to pay debts, but is evidently for the purpose of enabling the executor to carry into effect the purposes of the memorandum mentioned therein. The will, therefore, gave no power of sale upon any facts offered to be proved by competent evidence. The sale made is not, therefore, valid as the execution of a power under the will; nor does it purport to be, nor was it, in fact, under a license from the Court of Probate. The attachment by the demandant, perfected by a subsequent levy, vested the title in her, against which the deed of the executor or devisee is not a defence. *Exceptions overruled.*