ARTHUR D. MURPHY *vs.* WILLIAM B. LAWRENCE & others, executors.

Middlesex.    March 20, 1914. — May 22, 1914.

Present: RUGG, C. J., HAMMOND, LORING, SHELDON, & CROSBY, JJ.

*Devise and Legacy.   Words, "*Domestic servants.*"*

A testator who owned an estate consisting of a house and stable, with large grounds, and who kept horses and carriages and an equipped stable and employed a "foreman," a coachman, a "saddle horse man" and a "stableman or groom" who did not live in the house, and two women, who lived at the house and who served him as cook and second girl respectively, by his will provided, in the order named, for his wife and children, some more distant relations of himself and his wife, some persons not relations, and then gave $5,000 each to the foreman, the coachman, the second girl and the cook.   He then provided as follows: "I also give $5,000 to each of my domestic servants, other than those named in the two preceding Articles [the cook and the second girl], who shall be in my service at my decease and who shall have been in such service for the five years immediately preceding my death."   The groom, who had been in the service of the testator for the five years specified, brought an action against the executor of the will for a legacy under the quoted article of the will. *Held*, that the action could not be maintained, because the groom was not one of the testator's "domestic servants" within the meaning of the will.

CONTRACT, against the executors of the will of Samuel C. Lawrence, late of Medford, for a legacy which the plaintiff alleged was given to him by the provision of the will of the defendants' testator quoted in the opinion.   Writ dated October 10, 1913.

The case was heard by *Hardy,* J., without a jury.   The entire will, with codicils, covered about forty-eight typewritten pages. Material portions of it are described in the opinion.   Such of the judge's findings of fact as are material also are stated in the opinion.   The judge refused to rule that the plaintiff was one of the testator's "domestic servants," within the meaning of the provision of the will quoted in the opinion, found for the defendants, and reported the case for determination by this court, judgment to be entered for the defendants if his rulings and findings for the defendants were correct, and otherwise judgment

to be entered for the plaintiff for $5,000 and interest from the date of the writ.

*W. R. Bigelow,* (*J. W. Brennan* with him,) for the plaintiff.

*F. Ranney,* (*T. Allen, Jr.,* with him,) for the defendants.

HAMMOND, J.   The thirty-seventh article of the will is as follows: "I also give five thousand dollars to each of my domestic servants, other than those named in the two preceding Articles, who shall be in my service at my decease and who shall have been in such service for the five years immediately preceding my death." The question is, was the plaintiff a "domestic servant" within the meaning of that term as thus used by the testator?

It is well to examine the whole will, especially the clauses preceding the clause in question, to see the path travelled by the mind of the testator on the way to this clause.

His mind is first upon his wife and children, and he makes provision for them. He next thinks of the more distant relatives of himself or of his wife, and he makes certain provisions for some of them. Then follow bequests to certain persons who are not shown to be relatives. Having gone over these he comes to another class of legatees, namely, those bearing the relation to him of employee or servant. He had then an estate, consisting of a house and stable, with large grounds; and he kept horses and carriages and the usual articles of stable furniture and utensils. The servants employed at this establishment consisted, at least, of Sherman, the coachman, a "saddle horse man," and the plaintiff who, as the trial judge has found, was "engaged in the employment of the testator as a stableman or groom, whose duties were principally in connection with the care of the horses and at the stable," and the two female servants in the house, who were sisters, one serving as cook and the other as "second girl or waitress." These two sisters were the only servants then or thereafter living in the house up to the time of the testator's death.

He first thinks of Daniel Spillane, his "foreman" (whether at the homestead establishment or elsewhere does not appear), then of Sherman the coachman, to each of whom he gives five thousand dollars; then (after two bequests to persons not servants) of the second girl, Mary Ann Kelley, and of the cook, Catherine Kelley, to each of whom he gives $5,000. in articles

numbered thirty-five and thirty-six. And then comes the clause in question.

Before this clause he had specifically named Sherman the coachman, "who generally slept in the stable in a room fitted up for him," and when on duty "wore the livery of the testator," and the two Kelley sisters. In writing this clause it occurs to him that some one might think that as the sisters were clearly domestic servants they would be entitled, if at the time of his death they had been in his employ five years, to an additional legacy of five thousand dollars each. He therefore excludes them for the operation of this clause. He makes no mention however of Spillane, the foreman, or of Sherman, the coachman. It is manifest that in framing this clause the testator was thinking only of servants of the same general class as the Kelley sisters, that is, persons whose chief or only duty was in the house, and that only such a person was regarded by him as a domestic servant within the meaning of the clause. The duties of the plaintiff as found by the trial judge were not of that kind, and upon such findings it follows as matter of law that the plaintiff's case falls. The plaintiff was not entitled to either of the rulings he requested.

Several cases have been cited by counsel for the plaintiff where language more or less similar to that of the clause in question has been construed by the court. Without speaking of them in detail it is sufficient to say that they throw but little, if any, light upon the interpretation to be given to this clause in this will. Much depends upon the circumstances of each case. Nor is the conclusion to which we have come inconsistent with the definition of the word "domestic" as given in the lexicographies.

In accordance with the terms of the report the order is

*Judgment for the defendants.*