FRANK B. BEMIS & others, executors, *vs.* GEORGE V. FLETCHER & others.

Suffolk. November 14, 17, 1924. — January 30, 1925.

Present: BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Devise and Legacy,* Incorporation by reference. *Trust,* Referential.

A man and his wife each made a will. The wills were executed on the same day and before the same witnesses. The wife in her will designated by name the same persons as executors as were named in her husband's will and, in substance, gave the residue of her estate to her husband, if he survived her, and, in case he did not survive her, gave it to "those trustees appointed under my husband's will . . . to be administered according to the terms of the trust established by the will of my said husband relating to the residue of his estate." The husband, by an eighth clause of his will, placed the residue of his estate in

the hands of three trustees, the income to be paid to his wife in her lifetime and, upon her death, the principal to be paid to forty-eight institutions in various amounts. Within the next five years, the husband made two codicils, changing each time the name of one of his trustees and executors. Five years after the second codicil to the husband's will, the wife, revoking her former will, made a new will, in the third clause of which the residue of her estate was given "to those persons who shall be appointed trustees under my said husband's will, to whom by his will my husband shall give the residue of his estate in trust" and to their successors, to be administered with the same rights and powers, and to be disposed of to the same persons or corporations in the same manner "as shall be provided for the trust established" by her husband's will relating to the residue of his estate. In the fourth clause of her will, the wife designated by name as executors and trustees the persons designated in the second codicil to her husband's will. Thereafter the husband died and over three years later the wife died, not having changed her second will, which was admitted to probate. The executors of her will sought instructions as to the validity of the trust established in the third clause of her will. *Held*, that

(1) The intention of the testatrix as disclosed in her will, in view of all the circumstances, must prevail unless inconsistent with the rules of law;

(2) The testatrix intended that the residue of her estate should go to the charities mentioned in the eighth clause of her husband's will;

(3) The testatrix effectually expressed her intention to incorporate into the third clause of her will as a part of it the eighth clause of her husband's will, then in existence, which she sufficiently identified;

(4) By such incorporation by reference, a valid trust was created. Distinguishing *Curley* v. *Lynch*, 206 Mass. 289.

The forty-eight institutions named in the eighth clause of the will of the husband of the testatrix above described were divided into two groups. A hospital was first named in the first group, to which $100,000 was given. Then followed the names of thirty-seven institutions to which were given sums ranging from $10,000 to $2,000. Following the names in the first group was a provision in substance that the sums therein stated should first be paid in full or proportionally before payments were made to the second group. To each of the first four institutions named in the second group $100,000 was given; to each of the next three, $50,000; and to each of the last three, $25,000. Following the names of the second group was a provision that if the residue of the estate was insufficient to pay in full the legacies mentioned in the first group and if the trustees received "at any time more funds, either after the expiration of certain provisions set forth in" two preceding articles in the will establishing trusts, "or from any source," payments of the sums named in the first group were to be made either in full or proportionately, and then the legacies in the second group. There then followed this provision: "The residue of the principal of said trust fund, if any there be, after the payments enumerated in this section are satisfied in full shall be paid to the" hospital first named in the first group. The estate of the husband was sufficient to pay in full all the sums named

in the eighth clause of his will. The residue of the estate of the wife available for distribution under the third clause of her will was $450,000. The hospital contended that a proper construction of the will of the wife required that the residue of her estate should be added to the trust fund established by the will of the husband, which would make an excess beyond the sums required to make the designated payments in that clause, so that the entire residue of the wife's estate should be paid to the hospital in accordance with the eighth clause in the husband's will above quoted. *Held*, that

(1) The trust fund created by the will of the wife was independent of that established by the will of her husband, although it was to be administered by the same persons named as trustees in his will and codicils and to be distributed to the same persons and corporations as were named in the eighth clause of his will;

(2) The hospital was entitled only to the share designated and not to the whole of the $450,000.

In the circumstances above described, there was no necessity that the trust fund described under the will of the wife should be transferred by the executors to themselves as trustees before distribution.


BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Suffolk on October 24, 1923, by the executors of the will of Ida F. Estabrook, late of Boston, for instructions, (1) whether the residuary clause of the will created "a valid gift for the benefit of the corporations named in the will of Arthur F. Estabrook"; (2) whether, if such gift was valid, the executors should "pay said residue to themselves, as trustees under the will of Ida F. Estabrook, or to such other persons as may be appointed such trustees of the residue of her estate after such trustees under the will of Ida F. Estabrook have been duly appointed by the Probate Court, or shall pay the same to themselves as trustees under the will of Arthur F. Estabrook"; (3) what disposition should be made of the residue of the estate if the gift were invalid.

From the pleadings and an agreed statement, the following facts appeared:

The will of Ida F. Estabrook contained six clauses. The first clause provided for the payments of debts and expenses. The second clause, which, the will stated, "has the approval of my husband," gave a certain sum designated as having been "received from my father's estate . . . to my trustee or trustees hereinafter named" for payment of certain sums from the principal to designated relatives and persons and

with provisions as to the distribution of the income and of the principal at the end of designated periods.

The third clause of the will dealt with the residue of the estate and is described in the opinion.   The fourth clause read as follows: "I nominate and appoint my said husband to be executor and trustee under this will, and, if he be not living at my death, then I nominate and appoint Frank B. Bemis, Stedman Buttrick and Frederic R. Galloupe, who are named as executors and trustees under my said husband's will, to be also executors and trustees of this will, and I request that all of said executors and trustees so designated be exempt from furnishing  a surety or sureties upon their official bonds as executors and also as trustees hereunder."

The fifth clause empowered the executors and trustees, and the sixth clause gave directions that all inheritance and estate taxes should be paid from the residue.

The sixth and seventh clauses of the will of Arthur F. Estabrook established certain trusts.   In the eighth clause he gave the residue of his estate to certain trustees to pay the principal, after the death of his wife, in designated amounts to certain benevolent and charitable institutions.   These were divided in the will into two groups.   The first group contained thirty-eight institutions, and the first institution named therein was the Massachusetts Homeopathic Hospital, while the last named therein was The Kindergarten for the Blind.   To the Massachusetts Homeopathic Hospital was given $100,000.   To each of the next five of this group was given $10,000; to each of the next twenty-eight, $5,000; to each of the next two, $3,000; and to each of the last two, $2,000.   At the close of the names of this first group occurred the following:

"I direct that all the specific legacies hereinbefore mentioned in this Eighth clause of this will shall be paid in full after the death of my wife, if the residue of my estate be sufficient to make such payments, if not, they shall be paid in equal proportions.   If the residue bequeathed to said trustees shall be sufficient to pay the legacies hereinbefore mentioned in this clause then I direct them to pay the following sums."

The second group included the names of ten institutions. To each of the first four of this group was given $100,000; to each of the next three, $50,000; and to each of the last three, $25,000. At the close of the names of this group appeared the following:

"If the residue of my estate shall have proved insufficient to pay in full the legacies enumerated in this article, beginning with the legacy to be paid the Massachusetts Homeopathic Hospital, and terminating with the legacy to be paid to the Kindergarten for the Blind, and if said trustees receive at any time more funds, either after the expiration of certain provision set forth in the Sixth and Seventh Articles of this will, or from any source, the legacies enumerated in the list beginning with the said Homeopathic Hospital and terminating with the Kindergarten for the Blind shall be paid in full, or proportionately, as the funds at the disposal of the trustees permit, and any remaining surplus shall then be applied to the payment of the succeeding legacies hereinabove enumerated proportionately, if there be not sufficient funds to pay such legacies in full.

"The residue of the principal of said trust fund, if any there be, after the payments enumerated in this section are satisfied in full shall be paid to the Massachusetts Homeopathic Hospital."

The estate of Arthur F. Estabrook was adequate to make all the payments enumerated in the eighth clause of his will in full and left a residue of the principal thereafter. The residue of the estate of Ida F. Estabrook exceeded $450,000.

Other material facts are described in the opinion. The suit was reserved by *Carroll*, J., for determination by the full court.

The heirs at law of Ida F. Estabrook, relying on the decision in *Curley* v. *Lynch*, 206 Mass. 289, contended before this court that the trust attempted to be established by the third clause of the will of the testatrix was invalid because it was not effectual to incorporate the will of her husband in her will, but left the disposition of the trust property to be determined by such will as he might leave at his death

and gave him a power of disposition which he could not legally exercise because he died before her.

The Massachusetts Homeopathic Hospital contended that the trust was valid because the will of the wife effectually incorporated the eighth clause of her husband's will by reference; that the clear intent expressed in the will of the wife was that the trustees to whom she left the residue in the third clause in her will were to add that residue to the trust fund already in their hands under the provisions of the will of the husband and to use it as if it were a part of the fund which came to them from the husband's estate; and that, therefore, there having been sufficient of his estate to pay in full all the specified amounts, the fund which thus came to the trustees should be used in accordance with the last words of the eighth clause of the husband's will and, as residue, should be paid in full to the Massachusetts Homeopathic Hospital.

The institutions named in the husband's will also contended that the trust was valid as a "referential trust." They further contended that the disposition of the funds should be as the wife in her will provided, "to the same persons or corporations, in the same manner, and according to the same terms" as were provided in the trust established by the husband's will; but that this did not mean that the Massachusetts Homeopathic Hospital should receive the entire fund as residuary legatee.

*J. P. Carr*, stated the case.

*W. T. Forbes*, for Rufus Putnam Memorial Association.

*F. L. Simpson & H. Albers*, for George V. Fletcher and others, heirs at law.

*A. Marshall*, (*E. A. Howes* with him,) for Massachusetts Homeopathic Hospital.

*C. R. Clapp*, ( *A. E. Pillsbury & Roland Gray* with him,) for Children's Hospital and others.

*H. M. Williams*, (*D. T. Gallup* with him,) for American Unitarian Association.

*H. W. Brown*, (*E. G. Fischer* with him,) for Hampton Normal and Agricultural Institute and Boston Young Men's Christian Union.

*J. T. Pugh,* for Franklin Square House Corporation.

*C. M. Rogerson,* for Frank B. Bemis and others, submitted a brief.

*E. A. Whitman, C. Crocker & A. M. Chandler,* for Boston Lying-in Hospital, submitted a brief.

*F. H. Dewey & G. H. Mirick,* for Trustees of Clark University, submitted a brief.

*N. U. Walker,* for Free Hospital for Women, *C. M. Davenport,* for Boston Dispensary, and *E. M. Stevens, E. S. Underwood & H. R. Mayo,* for Lynn Hospital, submitted the case without argument or brief.

CARROLL, J. Ida F. Estabrook by the third clause of her will, dated December 28, 1910, gave all the rest and residue of her property to her husband, Arthur F. Estabrook, " and if he be not living at my decease," the residue was given " to those persons who shall be appointed trustees under my said husband's will, to whom by his will my husband shall give the residue of his estate in trust " and to their successors, to be administered with the same rights and powers, and to be disposed of to the same persons or corporations in the same manner " as shall be provided for the trust established " by her husband's will relating to the residue of his estate. By the fourth clause she nominated her husband as executor and trustee, and if he were not living at her death she nominated, by name, as her executors and trustees the three persons named as executors and trustees under her husband's will. The fifth clause of her will gave authority to the trustees to sell the trust property and to invest the proceeds in real or personal estate. Mrs. Estabrook died November 24, 1922, at the age of seventy-two years. Her will was duly allowed by the Probate Court January 12, 1923. The petitioners are now the executors and trustees under this will. The testatrix's husband, Arthur F. Estabrook, died July 27, 1919, at the age of seventy-two years, leaving a will dated December 26, 1905, and two codicils dated December 23, 1909, and September 2, 1910, respectively. This will and the codicils were allowed in the Probate Court September 4, 1919. The petitioners were duly appointed and are now acting as executors and trustees thereunder.

On December 26, 1905, the same date that Arthur F. Estabrook made his will, the testatrix made a will which was revoked by her will dated December 28, 1910. In her will of December 26, 1905, she gave the residue of her estate to her husband; if he were not living at her decease, " to those trustees appointed under my husband's will to whom by said will he may have given the residue of his estate in trust " and to their successors, " to be administered according to the terms of the trust established by the will of my said husband relating to the residue of his estate." By the eighth clause of the will of Arthur F. Estabrook of December 26, 1905, the residue of his estate was left to trustees for the benefit of his wife, she to receive the income during her life, and upon her death the principal to be paid over to forty-eight charities in various amounts. By the codicils to his will the only changes made related to the persons who were named as executors and trustees. When the wills and codicils were executed Mr. and Mrs. Estabrook were married and living in a common home. The petitioners ask that it be determined whether the residuary clause of Mrs. Estabrook's will of December 28, 1910, constitutes a valid gift for the benefit of the corporations named in the will of her husband. The heirs at law contend that the residue of her estate belongs to them.

The intention of Mrs. Estabrook, as disclosed in her will in view of all the circumstances, must prevail unless inconsistent with the rules of law. *McCurdy* v. *McCallum*, 186 Mass. 464, 469. *Jewett* v. *Jewett*, 200 Mass. 310, 317. *Woman's Seaman's Friend Society* v. *Boston Young Women's Christian Association*, 240 Mass. 521, 531. *Davis* v. *Clapp*, 242 Mass. 139. Mrs. Estabrook intended that the residue of her estate should go to the charities mentioned in the eighth clause of her husband's will. When her will of 1910 was made, her husband's will with the codicils had been executed. She appointed as her executors and trustees, in the fourth clause of her will, Frank B. Bemis, Stedman Buttrick and Frederic R. Galloupe, " who are named as executors and trustees under my said husband's will." In this will, as well as in the will of 1905, the testatrix provided that the

residue of her estate should be distributed as the residue of her husband's estate was to be distributed on her death. Her former will and the will of her husband were executed on the same date, in the year 1905. The same persons witnessed both of those instruments. And the executors and trustees appointed by him were selected by her to serve as the trustees and executors under her will. Her reference in the third clause of the will of 1910 "to those persons who shall be appointed trustees" is nothing more than a recognition of the fact that the trustees named in the fourth clause were to be appointed in the future. Her reference to the trust to be disposed of "as shall be provided," and the other language looking to the future, are not sufficient to show that she had in mind some future will to be made by him. She had in mind this will made in 1905, then in existence, to be effective on the death of the testator. In our opinion, Mrs. Estabrook intended to incorporate into her will the eighth clause of her husband's will, as a part of her will, and a valid trust was therefore established to be administered as indicated in his will.

The will of Mr. Estabrook was in existence in 1910 when the testatrix's will was executed. His will was sufficiently identified, and it could be incorporated into her will. " A testator may refer expressly to a paper already executed, and describe it with such particularity as to incorporate it virtually into the will." *Newton* v. *Seaman's Friend Society,* 130 Mass. 91, 93. *Thayer* v. *Wellington,* 9 Allen, 283. *Taft* v. *Stearns,* 234 Mass. 273. She had in mind and referred to an existing will of her husband, a will of which she had knowledge. She did not refer to any will her husband might execute in the future, her reference was to " my said husband's will " and to " the trust established by my said husband's will relating to the residue of his estate." This will of her husband's was admitted to probate in September, 1919. Mrs. Estabrook did not die until 1922; she made no changes in her will after his death. We need not, therefore, consider what construction should be given to her will, if her husband had made another will after 1910. This event did not happen and the intention and purpose of Mrs. Esta-

brook should be made effectual to carry out the end she had in view. See *Loring* v. *Blake*, 98 Mass. 253, 260; *Gray* v. *Whittemore*, 192 Mass. 367, 378, 379.

*Curley* v. *Lynch*, 206 Mass. 289, relied on by the next of kin, is distinguishable. In that case the testator gave to his wife a power of appointment. She died January 23, 1909, three days before her husband. Her will was made January 15, 1909, her husband's will was made January 19, 1909. When he made his will he had already read his wife's will and expressed satisfaction with it. It was held that the provision in the husband's will for the wife was of no effect, because of her decease in his lifetime; that the power of appointment fell with the life estate. It was also held that he might have incorporated into his own will the provisions made in his wife's will, if he had so desired, but he failed to do this. He made no reference in terms to a particular will, and did not seek to incorporate into his will the specific provisions contained in her will. In the case at bar there was no power of appointment given by the testatrix to her husband. If he died before her, the property was to go as designated in his will, then in existence, which by reference was incorporated into her will. *Atwood* v. *Rhode Island Hospital Trust Co.* 275 Fed. Rep. 513, is not in conflict with what is here decided. Mrs. Estabrook had no power to change the provisions in her husband's will; she referred to the list of charities mentioned therein, which remained unchanged after the execution of the will; and the will had already been admitted to probate when she died. See *Damon* v. *Bibber*, 135 Mass. 458; *Matter of Piffard*, 111 N. Y. 410.

We do not agree with the contention of the Massachusetts Homeopathic Hospital that it is to receive the entire residue of Mrs. Estabrook's estate disposed of by the third clause of her will. In that clause the residue was " to be disposed of to the same persons or corporations, in the same manner, and according to the same terms, as shall be provided for the trust established by my said husband's will relating to the residue of his estate." She did not mean to add her gift to the residue of his estate; she created a trust fund of her own, independent of that established by her husband,

though administered by the same persons, and distributed to the same persons and corporations. Her trust is a " referential " trust and is to be carried out as she directed " to the same persons or corporations, in the same manner, and according to the same terms " as her husband directed. Her trust was separate and distinct from the trust fund created by her husband. We therefore answer the first prayer of the petitioners, whether the residuary clause of Mrs. Estabrook's will constitutes a valid gift for the benefit of the corporations named in the will of her husband, in the affirmative.

There is no necessity that the trust fund under Mrs. Estabrook's will should be transferred from her executors to themselves as trustees. As executors of her will they should pay and distribute the residue of her estate among the corporations named in the residuary clause of her husband's will, and in the same proportion as they take under his will. *Bowditch* v. *Andrew*, 8 Allen, 339. *Sears* v. *Choate*, 146 Mass. 395.

The question of the admissibility of certain evidence offered we do not discuss, because, in our opinion, without considering this evidence the testatrix intended to refer to the existing will of her husband.

Costs between solicitor and client are to be in the discretion of the single justice. The executors of Mrs. Estabrook's will are instructed to distribute the residue of her estate to the same persons or corporations mentioned in the residuary clause of her husband's will, they to take in the same manner and according to the same terms as they take under the residuary clause of his will.

*Ordered accordingly.*