In the Matter of the Accounting of FREDERICK A. LOCKE, as Executor, and THE NEW YORK TRUST COMPANY, as Administrator with the Will Annexed, of HERMAN RAUSCH, Deceased, Appellants.

WILLIAM EASTMAN, as Special Guardian, et al., Appellants; DORA RAUSCH et al., Respondents.

(Argued January 5, 1932; decided February 9, 1932.)

*Charles F. Leining* for Frederick A. Locke, appellant. In the absence of fraud or mistake the incorporation by

reference of an extraneous document, which was in existence at the time of the execution of the will and its authenticity unquestioned as the one at issue is not in violation of the law, and, therefore, the intention of the testator should prevail. (*Matter of Silsby*, 229 N. Y. 396; *Reynolds* v. *Reynolds*, 224 N. Y. 429; *Matter of Fowles*, 222 N. Y. 222; *Noble State Bank* v. *Haskell*, 219 U. S. 104.)

*Leonard Belford* and *Roswell S. Nichols* for the New York Trust Company, appellant. A rule of law which is the product of judicial construction only and was framed to safeguard the integrity of last wills and testaments should not be permitted to frustrate the well-defined intention of a testator where it is shown that there is no possibility of fraud or error. (*Matter of Fowles*, 222 N. Y. 222; *Atwood* v. *Rhode Island Hospital Trust*, 275 Fed. Rep. 513; *Johnson* v. *Ball*, 5 DeG. & Sm. 85; *Whittemore* v. *Equitable Trust Co.*, 250 N. Y. 298.)

*William Eastman* for Florence Skillings, appellant. The rule against incorporation of extraneous documents is not statutory and as now existing was not violated by the decision of the Surrogate. (*Matter of Fowles*, 222 N. Y. 222.)

*Thomas R. Fay* and *George A. Gibson* for Florence Skillings, an infant, appellant. The rule against incorporation by reference does not prevent the incorporation of the terms of the trust agreement into paragraph sixth of the will. (*Allen* v. *Maddock*, 11 Moore P. C. C. 427; *Newton* v. *Seaman's Friend Society*, 130 Mass. 91; *Matter of Dickin*, 3 Curt. Eccl. Rep. 60; *Matter of Willey*, 128 Cal. 1; *Booth* v. *Baptist Church*, 126 N. Y. 215; *Matter of Fowles*, 222 N. Y. 222.)

*Albert Van Winkle* for Grosse Friedrichs-Waisenhaus et al., appellants. The terms of the trust agreement

made by the testator should be incorporated in his will. (*Matter of Fowles*, 222 N. Y. 222.)

*Cornelius C. Webster* for Dora Rausch et al., respondents. Because our courts have never been able to make any practicable distinction between papers of different kinds or between papers and oral instructions, the rule against incorporation of extraneous papers should not be destroyed. (*Matter of Blair*, 152 N. Y. 645; *Matter of Fowles*, 222 N. Y. 222; *Reynolds* v. *Reynolds*, 224 N. Y. 429; *Brown* v. *Clarke*, 77 N. Y. 369; *Cook* v. *White*, 43 App. Div. 388; 156 N. Y. 588; *Matter of Campbell*, 170 N. Y. 84; *Matter of Dunham*, 1 N. Y. Supp. 120; 121 N. Y. 575; *Matter of Brand*, 68 App. Div. 225; *Booth* v. *Baptist Church*, 126 N. Y. 215; *Matter of Acres*, 128 Misc. Rep. 254; *Langdon* v. *Astor's Executors*, 16 N. Y. 9; *Robert* v. *Corning*, 89 N. Y. 225; *Seymour* v. *Sanford*, 86 Conn. 516; *Matter of Andrews*, 162 N. Y. 1; *Matter of Blair*, 84 Hun, 581; 152 N. Y. 648; *Matter of Whitney*, 153 N. Y. 259; *Matter of Conway*, 124 N. Y. 455; *Matter of O'Neil*, 91 N. Y. 516; *Williams* v. *Freeman*, 85 N. Y. 569; *Matter of Lawler*, 195 App. Div. 27; *Matter of Emmons*, 110 App. Div. 701; *Matter of Martindale*, 69 Misc. Rep. 522; *Atwood* v. *Rhode Island Hospital Trust Co.*, 275 Fed. Rep. 513.) The attempted incorporation of the trust agreement in the will renders that portion of the will invalid and void. (*Thompson* v. *Quimby*, 2 Bradf. 449; 21 Barb. 107; *Langdon* v. *Astor's Executors*, 16 N. Y. 9; *Robert* v. *Corning*, 89 N. Y. 225; *Tonnele* v. *Hall*, 4 N. Y. 140; *Matter of O'Neil*, 91 N. Y. 516; *Booth* v. *Baptist Church*, 126 N. Y. 215; *Matter of Martindale*, 69 Misc. Rep. 522; *Reynolds* v. *Reynolds*, 224 N. Y. 429; *Matter of Conway*, 124 N. Y. 455; *Matter of Whitney*, 153 N. Y. 259; *Matter of Acres*, 128 Misc. Rep. 254; *Matter of Emmons*, 110 App. Div. 701.)

*Richard F. Weeks* for Helen Rausch, respondent.

CARDOZO, Ch. J. Herman Rausch left a will dated November 25, 1927, whereby he gave one-fifth of his residuary estate " to the New York Trust Company of New York City, to be held by said Trust Company in trust for the benefit of my daughter Florence Skillings, under the same terms and conditions embodied in the Trust Agreement made between myself and the said New York Trust Company, dated April 15, 1922, the principal to be disposed of as contained in the said agreement, and which agreement is hereby made part of this my will, as if fully set forth herein."

The testator's daughter had been judicially declared to be a person of unsound mind and had been committed to an asylum. The trust agreement assigns to the trustee specified shares of stock to be applied to her support. It also states that by a will previously made the grantor has set apart for her use a sixth of his residuary estate, " to be held by the Trustee as an addition to and part of the trust estate hereby created, and the Trustee upon receiving such share of the grantor's residuary estate, shall administer it as a part hereof and as directed in this indenture." Provision is also made for the disposition of the interests in remainder when the trust is at an end. The only change effected by the will of 1927 is to make the share of the residue a fifth instead of a sixth.

The Surrogate held upon objections by the next of kin that the will was valid in all its parts. The Appellate Division reversed, and held that as to a fifth of the residuary estate there had been a violation of the rule forbidding the incorporation of unattested documents, and that the testator to that extent had died intestate. The case is now here upon appeal by the legatees affected.

At the execution of this will there was in existence a valid deed of trust whereby a trustee was under a duty to apply the subject-matter of the grant to uses there declared. All that the later will does is to give additional property to the same trustee to be held in the same way.

We are told by the decision below that this may not be done unless the terms of the deed of trust are repeated in the will.

The rule against incorporation, well established though it is, is one that will not be carried to " a drily logical extreme " (*Matter of Fowles*, 222 N. Y. 222, 233). It is one thing to hold that a testator may not import into his will an unattested memorandum of his mere desires and expectations, his unexecuted plans (*Booth* v. *Baptist Church of Christ*, 126 N. Y. 215, 247). It is another thing to hold that he may not effectively enlarge the subject-matter of an existing trust by identifying the trust deed and the extent and nature of the increment. In the view of the law, a corporation as an individual and a corporation as trustee are separate personalities (*Collins* v. *Hydorn*, 135 N. Y. 320, 324, 325). What is taken as trustee is taken subject to the trust, for it can be held no other way. A gift to a trust company as trustee of a trust created by a particular deed identifies the trust in describing the trustee, like a gift to a corporation for the uses stated in its charter. Only a quibble will find a difference between a gift to a trust company *as* trustee under a deed and a gift to the same company with instructions to hold what is given in accordance with the deed. The quibble becomes the more transparent when we recall that by the terms of the deed the trustee had bound itself in advance to accept a sixth of the estate if so directed by the will. The legacy when given was not the declaration of a trust, but the enlargement of the subject-matter of a trust declared already. A philanthropist during his life establishes a foundation as trustee for a specific trust. The mind rebels against the formalism that would invalidate a bequest for no better reason than the omission to state the purpose of the trust again. We do not mean that a gift, though merely one of enlargement, would be held to be effective if the declaration of the trust had been by word of mouth alone. The possibility of

fraud or error would be too strong in such circumstances to permit the gift to stand (*Reynolds* v. *Reynolds*, 224 N. Y. 429, 431). Even in courts where incorporation is permitted more liberally than it is with us, the reference must be to a document or something equivalent thereto (*Wilcox* v. *Attorney-General*, 207 Mass. 198), the document must be in existence at the time of the making of the will, and the tests of identification must be precise and definite (*Matter of Shillaber*, 74 Cal. 144; *Watson* v. *Hinson*, 162 N. C. 72). Here the extrinsic fact, identifying and explaining the gift already made, is as impersonal and enduring as the inscription on a monument.

The books abound in nice distinctions. They are tests to guide the judgment rather than invariable rules or standards. The one most frequently drawn is between documents expressing the terms of the bequest and documents identifying the thing intended to be bequeathed (*Hatheway* v. *Smith*, 79 Conn., 506, 519, 521; *Booth* v. *Baptist Church of Christ, supra*). We pointed out, however, in the *Fowles Case* (*supra*, p. 233) that " the two classes of cases run into each other by almost imperceptible gradations " (citing *Langdon* v. *Astor's Executors*, 16 N. Y. 9, 26, 31). To insist upon a will so self-contained and self-sufficient as to make resort to things extrinsic needless in every possible contingency is to lose sight of the significance of language, its function and capacities. " Words," we have said, " are symbols, and we must compare them with things and persons and events " (*Matter of Fowles, supra*, p. 232). A father bequeaths a legacy to his son by canceling whatever indebtedness appears upon his books. No one doubts the validity of such a gift (*Langdon* v. *Astor's Executors*, 16 N. Y. 9, 24, 26, 28; *Robert* v. *Corning*, 89 N. Y. 225, 242), yet to understand the extent of the legacy we must go beyond the will itself. " Signs and symbols " must be turned " into their equivalent realities " (*Marks* v. *Cowdin*, 226 N. Y. 138, 143). How far the process will be extended is a question

of degree (*Marks* v. *Cowdin, supra; Matter of Fowles, supra; Doherty* v. *Hill,* 144 Mass. 465, 468, 469). We exclude the will that remits us to other words of promise, the expression of a plan or purpose inchoate and imperfect. Another result may follow where by comparison of the description with some "manifest, external, and continuing fact" (*Doherty* v. *Hill, supra; Marks* v. *Cowdin, supra*) we learn the terms of a relation that is consummate and subsisting. Much will depend upon the extent to which the door is likely to be opened to chicanery or mistake if there is relaxation of the requirement of a self-sufficient integration. The rule against incorporation is not a doctrinaire demand for an unattainable perfection. It has its limits in the considerations of practical expediency that brought it into being. Here the identification of the donee is itself an expression of the gift, the discovery of the one being equivalent to the ascertainment of the other.

What has been written assumes that the question is still open in this State. We think the fact is that two cases, considered with great care, permit an answer to be given on the footing of authority.

No substantial distinction can be drawn between the situation in *Matter of Piffard* (111 N. Y. 410) and the one before us now. The testator in the *Piffard* case conferred a power on his daughter to dispose of his estate and then added a provision in substance that in case of her death before him and her consequent inability to execute the power, the legatees under her will should be deemed, none the less, to be the legatees under his own. The daughter died before her father. We held that her will might be referred to for the purpose of determining the legatees entitled to take under his and the extent of their respective shares.

*Matter of Fowles* (*supra*) followed the decision in the *Piffard* case, though in a situation slightly different.

There are rulings to the same effect in New Jersey

(*Condit* v. *DeHart,* 62 N. J. L. 78) and Massachusetts (*Bemis* v. *Fletcher*, 251 Mass. 178, 186).

A decision in Connecticut is cited for a different doctrine (*Hatheway* v. *Smith*, 79 Conn. 506, 519). The facts are distinguishable, for there the will and the deed were executed at the same time. If the decision was meant to cover a situation like the one before us, we are unwilling to approve it.

The order of the Appellate Division should be reversed and that of the Surrogate's Court affirmed with costs in the Appellate Division and in this court payable out of the estate.

POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Ordered accordingly.