OLD COLONY TRUST COMPANY, trustee, *vs.* ELLA C. CLEVE-LAND & others.

Suffolk.     May 14, 1935. — June 27, 1935.

Present: RUGG, C.J., PIERCE, DONAHUE, LUMMUS, & QUA, JJ.

*Devise and Legacy*, Construction with incorporation by reference. *Trust*, Construction of instrument creating trust. *Will*, Incorporation by reference.

A gift in a will of the residue to a trustee to be held upon the trusts set forth in a then existing deed of trust made by the testator was upon such trusts as originally set forth, unaffected by an amendment of the trust deed by the testator after the execution of the will.

Where a deed of trust provided for the payment of income to the settlor and his wife during their lives and, upon the death of the survivor, for payment of specific sums from the principal to named persons, the balance of the principal to be held upon further trusts, and subsequently the settlor in his will gave the residue of his estate to the same trustee to be held upon the trusts set forth in the trust deed, the residue was not to be treated as an independent fund to which all the provisions of the trust deed should apply anew; such specific sums having been paid upon the death of the survivor of the settlor and his wife from the principal of the fund held under the trust deed, the beneficiaries to whom they were paid were not entitled to be paid again out of the residue passing by the will, which must be held upon the further trusts specified in the trust deed.

PETITION for instructions, filed in the Probate Court for the county of Suffolk on September 14, 1934.

A decree entered by order of *Prest*, J., is described in the opinion. Certain respondents appealed.

*G. Hoague*, stated the case.

*W. F. Byrne*, for Ella C. Cleveland and another.

*R. G. Wellings*, for Andrew H. Cleveland and others.

*C. W. Blood*, for Stone Institute and Newton Home for Aged People and others.

LUMMUS, J.   On March 22, 1926, Willis H. Chandler conveyed what apparently was the bulk of his property to Old Colony Trust Company, in trust to pay the income to himself for life, and afterwards to his wife Susie E. Chandler for life.   The second paragraph of the trust deed provided: "Upon my decease or upon the decease of my wife, provided she survives me, the Trustee shall pay from the principal of the trust estate" various sums ranging from $250 to $5,000 to thirty-seven persons named.   The third paragraph of the trust deed provided that the income of the residue of the trust property shall then be paid in equal shares to Ella C. Cleveland, Josephine S. Haven, Luella A. Corbett and Sara K. Corbett, for their lives, with cross remainders for life between Ella C. Cleveland and Josephine S. Haven and between Luella A. Corbett and Sara K. Corbett.   The fourth paragraph of the trust deed provided for ultimate remainders in fee to certain charities, after the life estates.

On June 21, 1926, Willis H. Chandler executed his will, by which he gave his household belongings to his wife Susie E. Chandler and the residue of his estate to Old Colony Trust Company to be held by it upon the trusts set forth in the trust deed just described.

The fifth paragraph of the trust deed reserved to the settlor the right to change the provisions and limitations of the trust deed.   Acting under that authority, the settlor, on February 28, 1928, struck out the second paragraph of the original trust deed, and substituted a somewhat similar provision by which upon the death of the survivor of himself and his wife he directed the trustee to pay various sums ranging from $100 to $8,000 to fifty-two persons named, including all the persons named in the second paragraph of the original trust deed.   None of such persons was reduced in amount.   Luella A. Corbett having died, he substituted Emma F. Frye in her place as remainderman for life.

Willis H. Chandler died on December 13, 1932.   Susie E. Chandler died on September 22, 1933.   The trustee has

paid out of the original trust estate all the amounts specified in the second paragraph of the trust deed as changed on February 28, 1928. It now seeks instructions as to the disposition of the residue which came to it by the will of Willis H. Chandler, consisting of personal property of the value of $16,320.51. The Probate Court entered a decree that such residue be held by the trustee "in trust upon the terms of Articles [Paragraphs] Third and Fourth of said deed of trust unamended for the benefit of the surviving life tenants and the residuary legatees named therein." Various persons included in the list of thirty-seven persons to whom various sums were given by the second paragraph of the original trust deed of March 22, 1926, appealed to this court.

Obviously the will did not, and could not, give the residue in trust for purposes which had not then been defined, but remained to be defined by a later amendment of the trust deed. A document not in existence cannot be covered by the attestation of a will. The will gave the residue to the trustee upon the trusts originally defined, and did not purport to do otherwise. *Thayer* v. *Wellington*, 9 Allen, 283. *Olliffe* v. *Wells*, 130 Mass. 221. *Bushby* v. *Newhall*, 212 Mass. 432. Compare *Bemis* v. *Fletcher*, 251 Mass. 178, 186. Even though the testator so expected, the residue passing by the will cannot simply be added to the trust fund established during the life of Willis H. Chandler, and be made to follow the course of that fund to its ultimate destination under the amended trust deed.

It does not follow, however, that the fund passing under the will is to be treated as a completely independent fund as to which all the provisions of the original trust deed are to be duplicated as far as the amount passing under the will permits. The testator did not intend that the thirty-seven persons named in the second paragraph of the original trust deed should be paid twice, once out of the original trust fund under the amendment of February 28, 1928, and again out of the fund passing under the will. All the beneficiaries under the second paragraph of the original trust deed have already received as much as was therein given them, or more. Since these beneficiaries have been

paid, the Probate Court was right in its decree that the fund passing under the will be held for the purposes of the third and fourth paragraphs of the original deed of trust, which remain unchanged. The case is not governed by *Bemis* v. *Fletcher*, 251 Mass. 178.

The decree is affirmed. The matter of additional costs and expenses is to be in the discretion of the Probate Court. It is to be noticed that the right of the estate of Susie E. Chandler to the income of the fund during her life is not involved in the petition for instructions nor adjudicated by the decree.

*Ordered accordingly.*