Strafford Probate Court, } No. 3822.
    April 5, 1949.

IN RE ESTATE EDWIN J. YORK.

*Hughes & Burns* and *Walter A. Calderwood* (*Mr. Calderwood* orally), for the plaintiff executors.

Duncan, J. The questions certified are directed primarily to determination of the procedure to be followed in distribution of the estate. If the residue of the estate may be added to the assets of the *inter vivos* trust, a consolidation for which the testator expressed a preference, no occasion will arise for the appointment of trustees to administer the identical testamentary trust described in alternative provisions of the will, and the requirements of R. L., c. 363, s. 1 and other statutory provisions relating to testamentary trustees are inapplicable.

Although the *inter vivos* trust is not shown to have been executed in compliance with the Statute of Wills (R. L., c. 350, s. 2), the validity of the desired disposition of the residue of the estate according to the terms of the trust deed is sustained by the weight of authority. Scott, Trusts, s. 54.3, p. 294, and cases cited. Disposition by addition to a previously created trust, even though the trust be subject to modification, is clearly valid in relation to the trust in the form which it took at the time of execution of the will. *Old Colony Trust Co.* v. *Cleveland*, 291 Mass. 380. Since the living trust referred to in the will before us assumed its final form before execution of the codicil of November 23,

1945, there is no occasion to extend the principle in order to sustain the disposition which the testator sought to make. See *First-Central Trust Co.* v. *Claflin*, (Ohio C. P.) 73 N. E. (2d) 388.

The answer to the second question certified by the Probate Court depends upon the theory adopted in sustaining the testamentary disposition. See Scott, *op. cit.*, s. 54.3; 1 Bogert, Trusts & Trustees, s. 106; Shattuck, Estate Planners' Handbook (1948) s. 14. Under the doctrine of incorporation by reference, it might be thought necessary to establish a testamentary trust. Cf. Shattuck, Inter Vivos Trust in Massachusetts, 26 B. U. L. Rev. 437, 457, 458. However, the proposed disposition is equally sustainable according to the view that the *inter vivos* trust is a fact "having significance apart from the disposition of the property bequeathed," which may be relied upon to control such disposition without violation of the Statute of Wills. Scott, *op. cit. p.* 300. Under this view, which we are satisfied to adopt, it is possible to carry out the testator's expressed preference that the residue shall become a part of the *res* of the *inter vivos* trust, to be administered by the trustees under powers derived from it, rather than the will. There "then . . . seems to be no reason why the payment or transfer should not be regarded as the exact equivalent of any other outright payment of a devise or bequest." Shattuck, Inter Vivos Trust in Massachusetts, *supra*, 458. See also, *Matter of Rausch*, 258 N. Y. 327, 331. Thus the executors may pay the legacy to the trustees of the *inter vivos* trust, taking their receipt therefor, and no occasion arises for the establishment of a testamentary trust, or for invocation of our statutes relating to the appointment of trustees.

The first question certified is accordingly answered in the affirmative and the second in the negative.

*Case discharged.*

Kenison, J., was absent: the others concurred.