SECOND BANK–STATE STREET TRUST COMPANY, executor, *vs.*
BERTHA PINION & others
(and a companion case[1]).

Worcester.    September 27, 1960. — November 9, 1960.

Present: WILKINS, C.J., SPALDING, WILLIAMS, WHITTEMORE, &
CUTTER, JJ.

*Devise and Legacy,* Gift to trustee of inter vivos trust, "Pour over."

Under a will giving the residue to the trustee of a revocable, amendable
inter vivos trust established by the testator before the execution of the
will, the residue "to be held, administered, and distributed [by the
trustee] solely under the provisions of . . . [the] indenture [of trust],
and in no way as trustee under this will nor as a trustee subject to
appointment by or jurisdiction of any probate or other court," the
residue must be dealt with by the trustee in accordance with the in-
denture of trust as amended by an amendment thereof which was made
by the testator as settlor subsequent to the execution of the will and
which altered the disposition of the trust property after his death.

Two PETITIONS filed in the Probate Court for the county
of Worcester on March 26, 1959.

The cases were reported by *Wahlstrom, J.*

*William Minot,* stated the case.

*Charles N. Stoddard, Jr.,* for the respondents Thomas W.
Symons and others.

*Francis H. LeBlanc,* for William M. Quade, administra-
tor.

*William M. Quade,* for the respondents Richard T. Sy-
mons and others, submitted a brief.

*William A. Loughlin,* guardian ad litem, pro se, submitted
a brief.

WHITTEMORE, J.    Each of the wills of Richard W. Symons
and his wife Edna H. executed April 27, 1955, gave the
residue to the trustees under a revocable and amendable
inter vivos trust established by them under date of "Sep-
tember 13, 1945, as amended."    On November 19, 1955,

---

[1].The companion case is Second Bank–State Street Trust Company, executor,
*vs.* Pearle L. Hawkes & others.

Richard and Edna as settlors, and Richard as one of the trustees, signed and acknowledged an instrument purporting to amend the trust by altering the disposition of the trust property to be made after the death of both settlors. The trust provided for amendment by a written instrument signed and acknowledged by the settlors and the trustees. The other trustee, Second Bank–State Street Trust Company, signed and acknowledged the amending instrument on November 23, 1955. Richard and Edna, also on November 19, 1955, executed codicils to their wills to name a coexecutor and each codicil ratified and confirmed the will in all other respects.

Following the death of Edna on November 20, 1956, and of Richard on March 13, 1958, the bank, as executor, asked to be instructed, under each will, whether the residue passed to the trustees to hold under the trust as amended, or, if not, then subject to the terms of the unamended trust, or, alternatively, how it should be distributed. The probate judge consolidated the cases, and, the facts being admittted and found, reserved and reported the cases under G. L. c. 215, § 13. We hold for reasons stated below that under each will there was, as all the respondents contend, an effective residual gift to the trustees to hold under the trust as amended on November 23, 1955.

It is to be observed at the threshold that the doctrine of incorporation by reference is inapplicable. Any intent to incorporate into the wills the dispositive provisions of the trust and thus to make them dispositive parts of the wills was expressly negatived. Each of the residuary clauses provided that the fund paid to the trustee was "to be held, administered, and distributed solely under the provisions of such indenture, and in no way as trustee under this will nor as a trustee subject to appointment by or jurisdiction of any probate or other court." See Restatement 2d: Trusts, § 54, comment k. It is therefore immaterial that at the time of the execution of the codicils the terms of a proposed, but incompleted, amendment to the trust were set out in writing. Compare *Newton* v. *Seaman's Friend Soc.*

130 Mass. 91; *Bemis.* v. *Fletcher,* 251 Mass. 178, 187–188; Restatement 2d: Trusts, § 54, comment c.

No amendment to .the trust existed until November 23, 1955, when the second trustee executed and acknowledged the instrument as required by the trust indenture. *Phelps* v. *State St. Trust Co.* 330 Mass. 511. If attestation under the statute of wills was required to give effect to the trustee's disposition, under the amended trust, of assets received from the executor, it could not be supplied by the attestation of the codicil prior to the effective execution of the trust amendment. *Old Colony Trust Co.* v. *Cleveland,* 291 Mass. 380, 382. Scott, Trusts (2d ed.) § 54.3, pp. 375–376. Restatement 2d: Trusts, § 54, comment i. The doctrine of incorporation by reference, even if applicable at all where an intent to incorporate in the usual sense is negatived (*In re Estate of York,* 95 N. H. 435, 437, Lauritzen, Can a Revocable Trust be Incorporated by Reference, 45 Ill. L. Rev. 583, 600, Polasky, "Pour-over" Wills and the Statutory Blessing, 98 Trusts & Estates, 949, 954–955; compare *Old Colony Trust Co.* v. *Cleveland,* 291 Mass. 380; *Bolles* v. *Toledo Trust Co.* 144 Ohio St. 195; Restatement [2]: Trusts, § 54, comments e–j, l, could not import the nonexistent amendment.

We agree with the suggestion that such a gift as this "stand[s] on its own merits, to be compared to a gift to a corporation or any other entity, and as such wholly distinguishable from an attempted incorporation into the will of the terms of the trust as to additional property." Annotation, 21 A. L. R. 2d 223. Shattuck, Inter Vivos Trusts in Massachusetts, 26 B. U. L. Rev. 437, 458. Such a gift is no less valid because of the reservation in the settlor of the power to amend or revoke the trust. *Old Colony Trust Co.* v. *Cleveland,* 291 Mass. 380.

The *Cleveland* opinion, however, states (p. 382) that "the will . . . could not, give the residue in trust for purposes which . . . remained to be defined by a later amendment of the trust deed." We have recently noted (*Loring* v. *Clapp,* 337 Mass. 53, 65, n. 10) that this statement is "inconsistent with present legal thought," and, for the reasons stated in

the following paragraphs, we do not rule in accordance
with it.

It is to be noted that the issue was not squarely raised
in the *Cleveland* case. The underlying controversy was
whether the beneficiaries under the trust deed should be
paid twice, "once out of the original trust fund . . . and
again out of the fund passing under the will" (p. 382).
The briefs in the *Cleveland* case show no contention that the
subsequent amendment was effective under the will.

We agree with modern legal thought that a subsequent
amendment is effective because of the applicability of the
established equitable doctrine that subsequent acts of inde-
pendent significance do not require attestation under the
statute of wills. Scott, Trusts (2d ed.) § 54.3. McClana-
han, Bequests to an Existing Trust, 47 Cal. L. Rev. 267,
287, 292–294, and articles cited note p. 267. Palmer, Testa-
mentary Disposition to the Trustee of an Inter Vivos Trust,
50 Mich. L. Rev. 33, 55–59. This is the view of the Restate-
ment 2d: Trusts, § 54, comment i, and reporter's note.
Compare Lauritzen, Can a Revocable Trust be Incorpo-
rated by Reference, 45 Ill. L. Rev. 583, 600–609.

The decided cases disclose a "confused and confusing
area of the law." 47 Cal. L. Rev. 267, 291. Some of the
decisions, however, give support to the doctrine of inde-
pendent significance. In *Swetland* v. *Swetland,* 102 N. J.
Eq. 294, 297, although the trust was not amended subse-
quent to the will, the court, in sustaining a pour-over provi-
sion, approved the lower court's statement that "[t]he
trust to which this bequest is added is not theoretical, nebu-
lous, intangible or incapable of identification, but exists in
fact, and the trustee-legatee is as distinct and definite an
entity as would have been an individual or corporation lega-
tee." Likewise, the court in *In re Estate of York,* 95 N. H.
435, 437, where also there was no subsequent amendment,
held that a gift from a will to a trust "is equally sustain-
able according to the view that the inter vivos trust is a
fact 'having significance apart from the disposition of the
property bequeathed.' " See *In re Ivie's Will,* 155 N. Y. S.
2d 544, but compare with it *President & Directors of Man-*

*hattan Co.* v. *Janowitz,* 260 App. Div. (N. Y.) 174.    See also *Matter of Rausch,* 258 N. Y. 327, 332–333.

The creation and amendment of an amendable, revocable inter vivos trust were necessarily recognized as facts of independent significance in *National Shawmut Bank* v. *Joy,* 315 Mass. 457, 469–478.    See 26 B. U. L. Rev. 437, 447, 453. In the *Joy* case it was held that such a trust, which upon stated contingencies disposed of trust property after the settlor's death, is valid even though not executed with the formalities required by the statute of wills.    A purpose to avoid making a will or to evade the statutory requirements for a will was held immaterial.

Dispositions to persons employed at the testator's death have been held valid in our decisions without reference to the possible objection of action of testamentary significance subsequent to the will.    *White* v. *Massachusetts Inst. of Technology,* 171 Mass. 84, 97.    *Frazer* v. *Weld,* 177 Mass. 513.    *Murphy* v. *Lawrence,* 218 Mass. 39.    *Anderson* v. *Stone,* 281 Mass. 458.    In *Gaff* v. *Cornwallis,* 219 Mass. 226, a gift of the contents of a drawer in a safe was sustained. Accord, *Old Colony Trust Co.* v. *Hale,* 302 Mass. 68, 71. The court in *Holmes* v. *Coates,* 159 Mass. 226, 228–229, sustained a gift of whatever sum should be necessary to add to gifts made by the testator in his lifetime for the benefit of a class of disabled soldiers and seamen to cause the total to equal $500 per year up to his decease despite the contention that the gift was void because dependent upon the contents of books of account not in existence when the will was made. We are unable to distinguish these cases in applicable principle from the cases at bar.

Scott, Trusts (2d ed.) § 54.3, pp. 376–377, observes, ''It is true that the testator is thereby enabled to change the testamentary disposition without executing codicils to his will.    This is, however, what he does where he bequeaths the contents of a room or of a safe-deposit box, since he can modify the contents from time to time by removing or adding articles.    The same thing is true where he bequeaths property to persons in his employ at the time of his death . . . .    Indeed, there seems to be no greater objection than

there is to the whole doctrine which permits a testator originally to make a disposition by reference to a living trust, the terms of which are not stated in the will. The test is not whether the facts are subject to the control of the testator, but whether they are facts which have significance apart from the disposition of the property bequeathed.''

The reasons for adoption of the rule of the Restatement are persuasive. The pour-over device is important in modern estate planning. Casner, Estate Planning (2d ed.) pp. 83–106. The underlying purpose of the statute of wills against frauds is secured in the formalities attendant upon the execution of trusts and the solemnity of the actual transfer of property to trustees. 47 Cal. L. Rev. 267, 293–294. 98 Trusts & Estates, 949, 950–951. Contrast *Thayer* v. *Wellington,* 9 Allen, 283; *Olliffe* v. *Wells,* 130 Mass. 221; *Wells* v. *Hawes,* 122 Mass. 97.

The growing acceptance and approval of the device are shown by the enactment in eighteen States of statutes which authorize it in some form.[1] It is particularly significant that in sixteen of these States (all save Connecticut and Oregon) the statutes validate gifts by will to trusts which have been amended after the will was executed.

The long established recognition in Massachusetts of the doctrine of independent significance makes unnecessary statutory affirmance of its application to pour-over trusts.

In each case a decree is to be entered in the Probate Court that the trustee is to administer and distribute the funds received from the executor in accordance with the terms of the amended trust.

*So ordered.*

---

[1] Colo. Rev. Sts. § 152–5–45 (Sess. Laws 1959, c. 286). Conn. Gen. Sts. tit. 45, c. 785, § 45–173 (1958 Rev. and amendment Supp. 1959). Del. Code Anno. tit. 12, § 111 (Supp. 1958). Fla. Laws of 1959, c. 59–57. Ill. Rev. Sts. c. 3, § 194a (1959). Ind. Sts. Anno. § 6–601 (j) (Burns 1953). Md. Anno. Code, art. 93, §§ 350A, 350B, inserted by Md. Laws of 1959, c. 612. Miss. Code Anno. tit. 5, c. 4, § 661.5 (Supp. 1958). Mont. Laws of 1959, c. 185. Neb. Rev. Sts. § 30–1806 (Supp. 1959), as amended by Neb. Laws of 1959, c. 127. N. C. Gen. Sts. § 31–47 (Supp. 1959). Ore. Rev. Sts. § 114.070 (1957) (Ore. Laws of 1957, c. 345). Pa. Sts. Anno. tit. 20, § 180.14a (Purdon Supp. 1959). R. I. Gen. Laws § 33–6–33 (Supp. 1959). Va. Code § 64–71.1 (Supp. 1960). Wash. Laws of 1959, c. 116. Wis. Sts. Anno. § 231.205 (Supp. 1960). Wyo. Comp. Sts. § 6–310 (Supp. 1957).